UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-21603-Civ-COOKE/TURNOFF

CHARLES J. SIBLEY

    Plaintiff
vs.

U.S. DEPARTMENT OF HOMELAND
SECURITY, CITIZENSHIP AND
IMMIGRATION SERVICES, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

THIS MATTER is before me upon Defendants' Response to Petition for Mandamus Relief, which I have conveyed as a Motion to Dismiss, and Plaintiff's response thereto. For the reasons explained below, Defendants' Motion to Dismiss is granted.

### DISCUSSION

*Pro se* Plaintiff, Charles J. Sibley, is an immigration attorney. Defendant U.S. Department of Homeland Security is the federal agency charged with the administration of immigration and naturalization adjudication functions. It is Plaintiff's contention that Defendants have purposefully targeted and denied the applications of Plaintiff's clients. In 2007, Plaintiff filed a petition for mandamus relief to require the fair adjudication of his client's immigration applications. *Sibley v. U.S. Dep't of Homeland Sec., et al.*, Case No. 07-21307-MGC. That petition was dismissed because it failed to state a clear legal right, failed to identify a specific ministerial duty and was procedurally improper because Plaintiff had alternative remedies available. The alternative remedies available to Plaintiff included the appeals process for immigration and/or naturalization claims and, possibly, a *Bivens* action against the individual

"rogue" officers Plaintiffs contends are responsible for the summary denial of the immigration petitions. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] On May 6, 2011, and in anticipation of pursuing a *Bivens* action, Plaintiff filed a second petition for writ of mandamus to require Defendants to "investigate" his allegations. (*See Petition*, ¶¶ 10-12). As of the date of this order, Defendants have not conducted an investigation.

Mandamus is proper only where the plaintiff can show a clear legal right to the relief sought, the defendant has a clear, non-discretionary duty to act, and where no other remedy is available. *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003) (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984)). A writ of mandamus "will not issue to correct a duty that is to any degree debatable.' *In re Bayshore Food Truck Sales, Inc.*, 471 F.3d 1233, 1258 (11th Cir. 2006) (quoting *United States v. Denson*, 603 F.2d 1143, 1147 n.2 (5th Cir. 1979)). The duty to act must be "simple, absolute, and definitive" and absent of any "personal deliberation and judgment." *See Kitchen v. CSX Transp., Inc.*, 6 F.3d 727, 732 (11th Cir. 1993) (contrasting ministerial acts with discretionary acts).

The Inspector General Act of 1978 was enacted to ensure integrity and efficiency within governmental departments and agencies. 5 U.S.C. App. 3, § 2. The Inspector General is responsible for conducting and supervising audits and investigations related to the programs and operations of the Department of Homeland Security.[2] 5 U.S.C. App. 3, §§ 2(1) and 11(2). Thus, Plaintiff's petition for writ of mandamus is a request to compel the Inspector General to investigate the allegations that Defendants have purposefully denied the applications of

---

[1] A *Bivens* action challenges the constitutionality of the actions of federal officials, analogous to the 42 U.S.C. § 1983 actions against state officials.

[2] The Homeland Security Act of 2002 established an Office of Inspector General in the Department of Homeland Security. 6 U.S.C. § 113(b).

Plaintiff's clients. Contrary to Plaintiff's assertions, however, an Inspector General's investigation in matters such as this are discretionary.

> In addition to the authority otherwise provided by [the Inspector General Act], each Inspector General, in carrying out the provisions of [the Inspector General Act], is authorized … to make such investigations and reports related to the administration of the programs and operations of the applicable establishment as are, in the judgment of the Inspector General, necessary or desirable.

5 U.S.C. App. 3, § 6(a)(2). Absent a clear, non-discretionary duty to act, Plaintiff has no entitlement to a writ of mandamus. Accordingly, I hereby **ORDER and ADJUDGE** that Plaintiff's Petition for Writ of Mandamus is **DENIED**. This case is **DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 13th day of October 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Counsel of Record*